JOHN A. HUNTER - - - - - - - CHIEF JUSTICE.
P. H. EMERSON - - - - - - ASSOCIATE JUSTICE.
J. S. BOREMAN - - - - - - - ASSOCIATE JUSTICE.

---

THE PEOPLE, ETC., RESPONDENTS, *v.* M. T. SENSA-
BAUGH, APPELLANT.

1. DESCRIPTION OF HORSES IN THE INDICTMENT.—Under our Territo-
rial statute it is not necessary, in an indictment for stealing horses, that
technically descriptive words, employed to designate the sex or artificial
character of the animal, should be used. It is sufficient if it allege that
the property stolen was a "horse."

2. REVIEW OF INSTRUCTIONS IN APPELLATE COURT.—This court will
not segregate the instructions on appeal, but will consider all the requests
together, so as to fully consider the action of the court below, and arrive
at a correct conclusion.

Appeal from the Second Judicial District Court.
The facts fully appear in the opinion.

*Denny & Anderson,* for appellant.
The demurrer to the indictment should have been sustained.
It contains no description of the property alleged to have been
stolen.

The statute requires that the indictment must contain a
clear and concise statement of the acts constituting the offense,
and particulars as to property, etc. Laws 1878, § 150, p. 92.

(473)

There must be such a special description of the property stolen as to identify the particular transaction, and enable the defendant to plead the judgment in bar, without other proof. *Merwin* v. *The People*, 12 Am. R. 314; s. c., 26 Mich. 298.

*Prima facie* evidence of a fact, is sufficient to establish the fact, unless rebutted. 6 Pet. 622; 14 Pet. 334.

The instructions are erroneous, ambiguous, and prejudicial to defendant, and should not have been given. *People* v. *Maxwell*, 24 Cal. 14; 17 Cal. 168.

All of the instructions are drawn in such a manner as to create the impression that, in the opinion of the court, the statements of defendant were false—that they were stories manufactured for the occasion, and that he was guilty of the crime charged—and it devolved upon him to prove his innocence.

The court should have given the instructions asked by defendant, and especially that the jury should be entirely satisfied of the guilt of defendant or acquit. *People* v *Phipps*, 39 Cal. 323.

*P. T. VanZile*, for respondents.

The demurrer was correctly overruled.

The description of the property was " two horses, each of the value of one hundred dollars."

This description is sufficient to enable the defendant to understand distinctly the character of the offense complained of. Laws 1878, § 150, p. 92; 9 U. S. Dig. 463; *The People* v. *Littlefield*, 5 Cal. 355; *The People* v. *Soto*, 49 Cal. 70.

The tenor of the above cases is that a liberal construction is to be given. Laws 1878, § 158, sub. 6.

When a defendant takes the stand he becomes a witness, and may be treated as any other witness, and what he fails to say may be evidence as much as what he says. *DeFoe* v. *The People*, 22 Mich. 226.

The circumstance that the defendant was unable to explain his possession, and this, this court must take as tried, (46 Cal.

302,) is " a circumstance added which naturally awakens suspicion." *The People* v. *Chambers*, 18 Cal. 383.

But the court did not leave the matter here. See second request of defendant.

HUNTER, C. J., delivered the opinion of the court:

The defendant was indicted in March, A. D. 1879, by the grand jury of the Second Judicial District, for the crime of grand larceny, and upon trial was convicted and sentenced to imprisonment in the Utah penitentiary for the term of four years.

The indictment was as follows:

[Title of Court and Cause.]

M. T. Sensabaugh is accused by the grand jury of this court, by this indictment, of the crime of grand larceny, committed as follows:

The said M. T. Sensabaugh, on the 28th day of September, A. D. 1878, at the county of Beaver, in said Territory, two horses, each of the value of one hundred dollars, and of a total value of two hundred dollars, of the goods and chattels of A. Gentry, then and there being, feloniously did steal, take and carry away, contrary to the form of the statutes of Utah Territory, in such case made and provided, and against the peace and dignity of the people aforesaid.

> J. H. HIGHTOWER,
> *Foreman of the Grand Jury.*

JAMES H. BEATTY,
> *Ass't U. S. Attorney.*

The defendant demurred to the indictment—

*First*—That said indictment does not state facts sufficient to constitute an offense by defendant.

*Second*—That said indictment is ambiguous and uncertain in this, that it does not give a clear and concise statement of the acts constituting the offense charged; that it gives no description of the property alleged to have been stolen.

The court below overruled the demurrer, and the case was tried by a jury, with a verdict of guilty.

The court below gave the following requests, asked for by the district attorney, to-wit:

"If you find from the testimony that the property was lost by Gentry and found by the defendant, under circumstances which give him knowledge of a means of inquiring as to the true owner, and he appropriated the property to his own use, without making reasonable and just effort to find the owner, your verdict should be guilty." C. L. 625, § 276.

It is true that the recent possession of stolen property is not, standing alone, sufficient to convict the defendant, but it is sufficient to make out a *prima facie* case against him. And if he is unable to give a satisfactory explanation of his possession, it then becomes such a fact in the case as will warrant, with the other circumstances of loss of property, etc., a conviction of the defendant.

The prosecution requests the court to charge the jury as follows:.

"The case that is submitted to you is one charging the defendant with the crime of larceny. Larceny, by our statute, is defined to be the felonious stealing, taking, carrying, leading or driving away, the personal property of another. Keeping this definition in view, it is not difficult to determine what facts are necessary to warrant a conviction. Should you, therefore, find from the evidence in this case, (1) That the property, to-wit, the two horses in question, were the property of the witness, Gentry. (2) That the defendant feloniously stole and drove away the horses, within the jurisdiction of this court. If you find these two propositions proven in this case, your verdict should be guilty.

"If you find in this case that the defendant has told various and conflicting stories about his possession of the property, and different stories from the one he now relates on the stand, this is a circumstance for the consideration of the jury,

as one tending to show the intent of the defendant in taking the property in question.

" It is your duty to weigh the testimony that is given and arrive at the truth. You are not bound by what a witness says upon the stand, unless you believe his statement to be the truth, then you are bound by it, for it becomes evidence in the case. Testimony is what the witness says upon the stand. Evidence is that that convinces you, and which is to you the truth—and by the evidence you are sworn to try the case. Your verdict, therefore, is found from what you believe to be true. Evidence may come from the statement of the witness, his manner and actions on the stand, his demeanor while before you, or from all combined. And if from his testimony, his actions, or because disputed by testimony which you believe to be true, you are convinced that what he says is false, it is your duty to wholly disregard his testimony so far as you are convinced it is false."

The court also gave the following instruction of its own motion:

" By a late statute of this Territory the defendant, in criminal cases, is permitted to be sworn and testify in his own behalf. The testimony he gives in a case is subject to and weighed by the same rules as the testimony of any other witness. You are only bound by it so far as you believe it to be true.

" If you believe that what defendant states on the stand is false, and a story made up for the occasion, it is your duty not only to disregard it, so far as it may tend to his innocence, but it is your duty to construe it against him if you believe he has made a false statement, because he is unable to explain the testimony tending to convict him. You have a right to assume that the defendant, above all others in this case, can explain how he came into possession of the property, and if innocent, explain away the case claimed and made by the testimony of the prosecution, and if you find that he makes false and manfactured statements, your duty is to weigh them

against the defendant in favor of his guilt rather than in favor of his innocence."

The court then gave the following requests for the defendant:

"The mere possession of property recently stolen or taken, is not of itself sufficient to convict the defendant of larceny, and if you find from the evidence no other circumstances tending to show the guilt of the defendant, except the mere fact of possession, then you should find the defendant not guilty.

"You must be satisfied beyond a reasonable doubt that defendant is guilty of the crime charged in the indictment, or you should find defendant not guilty.

"A reasonable doubt of the guilt of a person on trial for a criminal offense, is that state of the case which, after hearing all the evidence, leaves the minds of the jurors, in that condition, that they cannot say they feel an abiding conviction to a moral certainty of the truth of the charge.

"In order to convict the defendant, the jury must be satisfied beyond a reasonable doubt that the defendant took the property with the felonious intent to steal and appropriate the same, and if you find that defendant found the horses upon the range, took possession of the same, but not with the felonious intent to steal the same, then you will find him not guilty."

The court refused the following requests asked for by the defendant:

*First*—If from the evidence you are not entirely satisfied of the guilt of the defendant, you should acquit.

*Second*—If you believe from the evidence, that the horses alleged to have been taken were not taken from the possession of the owner, but strayed away and were lost, and that the owner of said horses, or the party in whose possession they were at the time they were lost, offered a reward for them, and for the purpose of obtaining said reward the defendant took or came in possession of the same, then such taking would not be larceny, and you will find the defendant not guilty.

*Third*—In order to convict the defendant of larceny, the property alleged to have been stolen must be of some value, and if no value has been proven, or you should find that the property alleged to have been stolen was of no value, then you should find the defendant not guilty.

A motion for new trial was made in behalf of defendant, and on hearing was denied by the court below, as was also a motion in arrest of judgment.

Three questions are raised in this court:

*First*—The court below erred in overruling the demurrer.

*Second*—The court erred in giving the second, fourth and sixth requests on the part of the prosecution.

*Third*—The court erred in refusing the instructions asked for by the defendant, and especially the one which is in the following language:

" If from the evidence you are not entirely satisfied of the guilt of the defendant, you should acquit."

It was argued by counsel for the defendant that the court below ought to have sustained the demurrer, because the indictment did not contain a description of the property alleged to have been stolen; that the statute of Utah requires that the indictment must contain a clear and concise statement of the acts constituting the offense and particularly as to property.

The court is of the opinion that under the statute of Utah it is not necessary to support an indictment for grand larceny for stealing a horse or horses, that technically descriptive words, employed to designate the sex or artificial character of the animal should be used; that it is sufficient if it alleges that the property stolen was a " horse," that term including every kind of animal belonging to the genus horse; and that, therefore, the court below did not err in overruling the demurrer.

The two other questions are kindred and can be considered together.

It will not do to pick out from a mass of instructions and

requests given by the court to a jury at a trial of a criminal case, particular requests or instructions, and argue that they are erroneous; and the court, when called upon to review the action of a trial court, will not segregate the requests. If this were done it would be impossible for the court to understand intelligently enough the full force of the alleged erroneous requests. The reviewing court must consider all the requests given by the court to the jury as a whole; by so doing it will be able to arrive at the proper conclusion. We are unable, after considering the whole of the requests given in this case, to see that there was any error on the part of the court below. Taken as a whole they are clear and unambiguous, and not at all calculated to prejudice the jury against the defendant. We are also of the opinion that there was no error on the part of the court below in refusing to give the instruction above herein quoted. The full purport of that instruction had already been given by the court.

Judgment affirmed.

EMERSON and BOREMAN, J. J., concurred.